PUERTO RICO WATER RESOURCES AUTHORITY, Petitioner, v. SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, JOSÉ M. CALDERÓN, JR., JUDGE, Respondent.

No. C-65-103.      Decided July 14, 1967.

*José Antonio Arabia,* and *Antonio S. Negrón García* for petitioner. *Gerardo Muñoz Dones* for intervener.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

This case involves a procedural incident in a suit for damages filed against petitioner. The defendant in the former suit, petitioner herein, submitted an extensive interrogatory to plaintiff before answering the complaint and it requested an extension of twenty days, counting from the day in which said interrogatory was answered, in order to answer the complaint. The respondent Court denied the extension because it believed that said interrogatory could not be submitted before answering the complaint.

The test applied by the trial judge could have found support in the former Rule 33 of the Rules of Civil Procedure of 1943 for the Courts of Puerto Rico—32 Ap. L.P.R.A. p. 622—which although it did not expressly provide that the interrogatories could not be presented before answering the complaint, said limitation was applied in extending our former Rule 33, to the interpretation which the North American gloss had made of the analogous federal rule: *Rodríguez v. District Court,* 67 P.R.R. 677, 678–679 *in fine* (Todd, Jr.) (1947). But in the federal legislation—see 4 Moore, Federal Practice 2271—as well as in our own legislation—1 *Práctica Forense Puertorriqueña* 63 (Rule 30) the restriction was modified by way of interpretation, in the sense that the interrogatories could not be served upon the plaintiff before answering the complaint, and when the procedural incident, object of this appeal, arose, our Rule 30 of Civil Procedure already provided that interrogatories could be served after

the commencement of the complaint and before answering it, except that if service is made by the plaintiff within ten days after such commencement, leave of Court must be obtained with or without notice of the adverse party. See also: Moore, Federal Practice Rules Pamphlet with Comments 742–745 (1966); Hernández Colón, *Manual de Derecho Procesal Civil* 222 *et seq.*

The order of September 2, 1965, denying the motion for extension filed by the petitioner in this case, should be reversed and the extension granted in the terms requested.